1   Michael A. Sweet (Bar No. 184345)
    msweet@foxrothschild.com
2   Jack Praetzellis (Bar No. 267765)
    jpraetzellis@foxrothschild.com
3   **Fox Rothschild LLP**
    345 California Street, Suite 2200
4   San Francisco, CA 94104-2670
    Telephone:    415.364.5540
5   Facsimile:    415.391.4436

6   Attorneys for Trustee
    E. LYNN SCHOENMANN
7

8                   UNITED STATES BANKRUPTCY COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11  In re                              Case No.: 16-30874-HLB

12      CUBICON CORP.,                 Chapter 7

13              Debtor.                **TRUSTEE'S MOTION FOR SALE OF
                                       INTELLECTUAL PROPERTY FREE
14                                     AND CLEAR OF INTERESTS;
                                       MEMORANDUM IN SUPPORT OF
15                                     MOTION**

16
                                       [No Hearing Unless Timely Requested Under
17                                     Bankruptcy Local Rule 9014-1(b)(3) – See
                                       Notice]
18
                                       Judge:  Honorable Hannah L. Blumenstiel
19

20

21

22

23

24

25

26

27

28

**MOTION**

E. Lynn Schoenmann, trustee ("Trustee") for the bankruptcy estate (the "Estate") of Cubicon Corp. (the "Debtor"), moves (this "Motion") for an order of the Bankruptcy Court approving the Trustee's sale of the Estate's intellectual property, and all rights appurtenant thereto, that is the basis of United States Patent Application No. 14/740,185 (the "IP"), free and clear of liens and interests, to James L. Bosworth ("Buyer") for the purchase price of $50,000 in cash, and the withdrawal of James L. Bosworth's filed claim in this bankruptcy case including waiver of its asserted lien on the IP. The Motion is supported by the Memorandum in Support below, the Declaration of E. Lynn Schoenmann ("Schoenmann Decl."), Declaration of James L. Bosworth ("Bosworth Declaration"), Declaration of Jordan Kroop ("Kroop Declaration"), and such further evidence and argument as may be presented at the hearing on the Motion, if any

Dated: July 3, 2017

FOX ROTHSCHILD LLP


By: */s/ Michael A. Sweet*
      Michael A. Sweet
      Attorneys for E. Lynn Schoenmann, Trustee


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

**I.      INTRODUCTION**

E. Lynn Schoenmann, trustee ("Trustee") of the above-captioned chapter 7 estate ("Estate") of Cubicon Corp. ("Debtor"), brings this Trustee's Motion for Sale of Intellectual Property Free of Interests (the "Motion"). Specifically, the Trustee seeks an order of the Bankruptcy Court approving the sale of the intellectual property, and all rights appurtenant thereto, that is the basis of United States Patent Application No. 14/740,185 (the "IP"), to James L. Bosworth ("Buyer") free and clear of liens and interests.

**II.      JURISDICTION; RELIEF REQUESTED**

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 1334(a) and 157. Venue is proper pursuant to 28 U.S.C. Sections 1408 and 1409. The Motion is a core proceeding

pursuant to 28 U.S.C. Section 157(b)(2).

Required notice has been given pursuant to Rule 2002(a)(2) and Rule 6004(c) of the Federal Rules of Bankruptcy Procedure. (*See* Notice and Opportunity for Hearing filed and served concurrently.)

The Motion requests approval of the sale of the IP pursuant to Section 363(b)(1) of the Bankruptcy Code, free and clear of interests pursuant to Section 363(f)(2).

## III.   CIRCUMSTANCES

1.   The Debtor filed its petition commencing this Chapter 7 bankruptcy case on August 6, 2016. The Trustee is the appointed, qualified, and duly acting trustee for this Estate. Schoenmann Decl. ¶¶ 1-2.

2.   In the Debtor's bankruptcy petition, the IP was listed as having a nominal value of $1.00, and included a comment from the Debtor that it did not believe the IP was an asset with value.

3.   Following the Trustee's appointment, the Trustee contacted Allied Security Trust ("AST") to assist in marketing the IP. AST is an independent not-for-profit cooperative founded in 2007 to mitigate the risk of lawsuits from non-practicing entities by enabling its members to secure patent rights by collectively purchasing assets on the open market. AST's public members include IBM, Intel, Sony, Google, Ford, Honda, Microsoft, Philips, Sony and Uber. A number of additional companies are confidential members of AST. Schoenmann Decl. ¶ 4.

4.   Since February 24, 2017, AST has circulated notice to its members of the opportunity for purchase of the IP. AST has been unsuccessful in finding a purchaser for the IP. Schoenmann Decl. ¶¶ 5-6.

5.   The Trustee has reached an agreement with Buyer to purchase the IP for $50,000 cash and withdrawal of Buyer's filed claim in this bankruptcy case. Schoenmann Decl. ¶ 7. Debtor scheduled Buyer's claim in the amount of $745,125.65, but marked it as disputed without further explanation. Buyer's filed claim is for the same amount, and asserts it on the basis of an award in favor of Buyer and against Debtor in a pre-petition arbitration proceeding on loans made by Buyer to Debtor. Debtor and Buyer disagree on whether Buyer's claim is unsecured or secured. In any event,

Case: 16-30874   Doc# 21   Filed: 07/03/17   Entered: 07/03/17 18:49:38   Page 3 of 7

Buyer is consenting to this sale free of his asserted lien claim, as part of withdrawing his filed secured claim as consideration for his purchase.

6.      In view of the lack of market interest in purchase of the IP, other than by Buyer, as evidenced through the marketing efforts of AST, the Trustee has concluded that creating an overbid procedure for the Trustee's sale of the IP would be unwarranted expense and delay in realizing value from the IP.  Schoenmann Decl. ¶ 8.

7.      The Trustee has no preexisting relationship with or to Buyer, and has reached agreement with him on the terms of the proposed transaction after arm's length negotiations, with both parties represented by counsel.  Schoenmann Decl. ¶ 9.

8.       No scheduled creditors have asserted a security interest or lien in the IP, other than the asserted lien of the Buyer.  Further, no party has filed a proof of claim or request for special notice that asserts that the party has a security interest or lien in the IP.  These facts are noted in connection with compliance with Guidelines re Sale Orders (Rev. 3-19-09), Sec. C.3.  Schoenmann Decl. ¶ 10.

<u>Summary of Sale Terms</u>

9.      The accepted offer from the Buyer is $50,000 in cash, and withdrawal of the Buyer's claim in this bankruptcy case including his asserted lien on the IP.

10.      The purchase price is to be paid upon close of escrow, and a withdrawal of Buyer's bankruptcy claim submitted to escrow.  Close of escrow on the sale will occur within 30 days of Bankruptcy Court approval of the sale.

11.      The Trustee is informed and believes that the Buyer, obtained after marketing through AST, is purchasing in good faith.  The Trustee is submitting concurrently a good-faith declaration by the Buyer in support of an order approving the Motion.

<u>Benefit to the Estate's Creditors</u>

12.      The calculation of net benefit can be summarized briefly as:  $50,000 (cash component of bid) + withdrawal of Buyer's claim of $745,125.65, which is asserted to be a secured claim.  At present, the Estate lacks sufficient funds for a distribution to unsecured creditors.  The cash infusion from the sale, in conjunction with the removal of the single largest claim in the case,

which Buyer alleges is secured, will allow a distribution to be made to unsecured creditors.

13.     The Trustee will also avoid any need to litigate with the Buyer to determine the priority and allowable amount of the Buyer's claim.

<u>Good Faith Finding</u>

14.     The Trustee has negotiated the sale of the IP, after exposure to the market generally through AST, at arm's length and in good faith.  The Trustee requests that the Bankruptcy Court find that the Buyer's purchase of the IP from the Estate is in good faith and entitled to the protections of Bankruptcy Code § 363(m).  See Schoenmann Decl., ¶ 9; Bosworth Decl., *passim*.

## IV.  **ARGUMENT**

A bankruptcy trustee may sell property of the estate out of the ordinary course of business with court approval, after notice and a hearing.  Bankr. Code § 363(b)(1).  Notice of the proposed transaction is to be given by mail at least 21 days in advance of the hearing to the debtor, the trustee, all creditors and indenture trustees.  Bankruptcy Rule 2002(a)(2).  Notice and opportunity to object or request a hearing can satisfy the "after notice and a hearing" requirement.  Bankr. Code § 102(1). The transaction may be a private sale or public auction.  Bankruptcy Rule 6004(f)(1).

The bankruptcy court's approval of a Section 363 sale is ordinarily considered under the business judgment rule.  That is, the bankruptcy trustee's decision, in the exercise of business judgment, to enter into the sale transaction is entitled to considerable deference.  *Simantob v. Claims Prosecutor (In re Lahijani)*, 325 B.R. 282, 289 (BAP 9th Cir. 2005).  Safeguards for the protection of the best interests of the estate are provided by the notice given to creditors and the opportunity to object if they believe the transaction is not in their best interests.  *Id*.  Absence of objection by creditors should be given substantial weight.  *Id*.

### A.     **PROPER AND ADEQUATE NOTICE**

Notice of the Motion has been properly given to all creditors in this case (there are no indenture trustees), all parties who have requested special notice, the Debtor, and the Office of the United States Trustee.  Such notice satisfies all applicable rules.  Rule 2002(a)(2); Rule 6004.

Case: 16-30874   Doc# 21   Filed: 07/03/17   Entered: 07/03/17 18:49:38   Page 5 of 7

## B. TRUSTEE'S SOUND BUSINESS JUDGMENT FAVORS THE TRANSACTION

The Trustee has marketed the IP with the assistance of an able and highly-experienced patent protection cooperative.  Schoenmann Decl. ¶¶ 4-5.  The transaction achieves the benefit of both a cash infusion of $50,000, and withdrawal of a claim asserted in the amount of $745,125.65 and asserted to be secured by the IP.  The Motion is amply supported by the Trustee's sound business judgment.

## C. SALE FREE AND CLEAR

Because the property to be sold is a patent application, sale free and clear of liens and interests is important to the Buyer.  The Trustee is able to provide sale on such terms because of the absence of liens and interests in the IP, other than the asserted lien that the Buyer is releasing as part of the consideration for the sale.

Buyer's counsel has conducted lien and interest searches at the Office of the Secretary State of the State of California (the state where Debtor formerly did business), the Division of Corporations of the Delaware Department of State (state where Debtor is incorporated), and the U.S. Patent and Trademark Office.  Kroop Declaration.  Other than Buyer's own lien filing in California, no other lien or interest filing was found.  Id.

Further, review of the scheduled claims against the Debtor, and proofs of claim and requests for special notice filed in Debtor's case, shows that no party in this case other than Buyer has asserted a lien or interest in the IP.  Schoenmann Decl., ¶ 10.  All scheduled creditors and creditors with filed proofs of claim and/or requests for special notice have been given notice of this Motion, with prominent notice that if any of them assert an interest in the IP, it is incumbent on them to bring such assertion to the attention of the Trustee and the Court.

Accordingly, sale free and clear of liens, claims, and interests is justified and proper in this case.

## D. A FINDING OF GOOD FAITH IS WARRANTED

A purchaser of property of the bankruptcy estate who purchases in good faith is protected against a reversal or modification of a Section 363 sale on an appeal.  Bankr. Code § 363(m).  The

Case: 16-30874   Doc# 21   Filed: 07/03/17   Entered: 07/03/17 18:49:38   Page 6 of 7

Buyer, as purchaser, desires that a good faith finding be made in the order approving the Trustee's entering into the sale. The sale is the result of extensive marketing of the property. *See* Schoenmann Decl., *passim*. A finding of good faith under Section 363(m) is warranted; the Trustee is submitting a declaration of good faith by the Buyer concurrently in support of an order approving the Motion.

**V.    CONCLUSION**

The proposed sale of the IP to the Buyer on the terms that have been negotiated is in the best interest of the Estate and its creditors. It liquidates the Estate's interest in this property for cash and dramatically reduces the claims pool. The sale is consistent with applicable law. The Trustee therefore seeks approval of the Motion as a sound exercise of her business judgment in the administration of this asset.

Dated:  July 3, 2017

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By */s/ Michael A. Sweet*
Michael A. Sweet
Attorneys for E. Lynn Schoenmann, Trustee

Case: 16-30874    Doc# 21    Filed: 07/03/17    Entered: 07/03/17 18:49:38    Page 7 of 7